## SUPREME COURT.

THE REFORMED PROTESTANT DUTCH CHURCH OF WESTFIELD, STATEN ISLAND agt. SUSAN D. BROWN, executrix of DAVID BROWN, deceased.

No *term fees* ($10) can be allowed in a cause in the court of appeals, *before the return is filed.*

THE appeal to the court of appeals in this cause was taken, the undertaking and justification, &c. filed in the month of June, 1859, and the respondent's attorney noticed the same regularly, in good faith, seven terms consecutively, until it was argued. The respondent's attorney supposed, from a letter received from the clerk, that the return was duly filed with the clerk of the court of appeals, on the 13th September, 1859, until April, 1860, when he received another letter from the clerk, stating that he had given the respondent's attorney wrong information respecting the filing of the return in this cause ; that it was another similar cause which he referred to in his first letter ; that the return in this cause was not then filed. Whereupon, in April, 1860, the respondent's attorney served a notice on the attorneys of the appellant to file the return within ten days, &c. ; which notice was complied with. After the decision of the cause in the court of appeals, in April, 1861, affirming the judgment of the supreme court, and after the filing the remittitur, the respondent's attorney served the adverse attorneys with a bill of costs in the court of appeals, in which he charged $50, five term fees, three of which terms were notices of argument before the return was filed. The sum of $30, for these three terms, was stricken from the bill on taxation, and the respondent appealed.

JOHN FITCH, *for plaintiff and respondent.*

I. The appeal in this cause was taken, and the bond filed, justified, &c. &c., in the month of June, A. D. 1859—in

the same month that the notice of the judgment, &c. of the supreme court was given.

1. By rules 2 and 7 of the court of appeals, the appeal is perfected when the appeal and undertaking are both properly filed, &c. &c., as the facts may happen. The appeal absolute. The undertaking on stay of proceedings in certain cases—all of which had been done in this case. (*Rules* 2 *and* 7, *court of appeals; Thompson* agt. *Blanchard,* 4 *How.,* 210.)

2. By the 2d rule of this court, the return must be filed within twenty days after the appeal is perfected. And the court of appeals, in case of *Spoore* agt. *Fannan,* (2 *Smith's* 16 *N. Y. R.,* 620,) say : " The appellant must see to it, at his peril, that the return is actually filed in time."

3. The cause is necessarily on the calendar, so far as the respondent is concerned, when the appeal is perfected. The appellant must, at his own peril, attend to his own case. The respondent is not required to put it on the calendar. The cause was at issue. (16 *Smith's N. Y. R.,* 620 ; 9 *How. Pr. R.,* 333.)

4. It is and has been the uniform practice to allow the term fees from the time the causes at circuit are at issue and noticed. The cause on general term calendar and court of appeals, from time of perfecting the appeal. It is the appellant's duty to see that the appeal is ready to be argued as soon as it is at issue. Term fees begin when cause at issue. (9 *How. Pr. R.,* 333, ; 2 *Abb.,* 255.)

5. A cause is on the calendar necessarily, when it is ready for trial. (*Code,* § 307, *sub.* 8 ; 9 *How. Pr. R.,* 332.)

6. The $15 and the $10 are both allowed, as it is on the final judgment in the court of appeals, before notice of argument, the same as before notice of trial. (*Phipps and others* agt. *Van Cott,* 15 *How. Pr. R.,* 110, *general term.*) Notice of argument is the same as notice of trial. (15 *How. Pr. R.,* 122.)

7. Respondent's attorney put the cause on the calendar,

so far as he could, by filing the notice of argument, with proof of service, with the clerk of the court of appeals ; and the clerk thought that the cause " *Church* agt. *Brown*" was this cause.

8. The order of Mr. Justice BARNARD is irregular. No appeal from the taxation was ever made to the special term from the adjustment of the clerk.

J. S. L. CUMMINS, *for defendant and appellant.*

BARNARD, Justice. The Code makes no provision for taxing as costs in court of appeals, any other sums than $25, before argument ; $50 for argument, and $10 term fees. The first two items in the bill were properly disallowed.

An appeal to the court of appeals is not properly or necessarily on the calendar till the return is filed. Until that is done, the court would not hear the case, and it could not be reached on the calendar till after the return is filed, because by rule 8 the date of filing of the return is the date of the issue. · Rule 2 provides a remedy in case the appellent does not file his return, which is by motion to dismiss. This motion was not on the calendar. Unless a cause is in a situation to be heard when reached, it is neither necessarily nor properly on the calendar. Under the rule, a cause cannot be placed on the calendar until the return is filed.

For all the terms at which this cause was noticed prior to the filing of the return, no term fees can be allowed.

The bill as taxed must be reduced $30, charged for term fees prior to filing the return ; also $4 for error, in addition by taxing officer, of $10 and $15. The items of $1 and $1.38 should also be deducted in case the costs be paid without entry of judgment.

Affirmed at general term, October, 1862, INGRAHAM, LEONARD and BARNARD, Justices.